**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**THELMA N. SMITH**                                                                             **PLAINTIFF**

**V.**                                                                                    **NO. 4:24-CV-98-DMB-DAS**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                             **DEFENDANT**

**OPINION AND ORDER**

Thelma N. Smith sued State Farm Fire and Casualty Company regarding consumer complaints she filed with the Mississippi Insurance Commission. State Farm moves for summary judgment on all Smith's claims. Because Smith's claims are barred by res judicata; any new claims by Smith fail for lack of evidence; and Smith abandoned all her claims by failing to substantively respond to the summary judgment motion, summary judgment will be granted.

**I**
**Procedural History**

On October 9, 2024, Thelma N. Smith filed a pro se complaint in the County Court of Washington County, Mississippi, against State Farm Fire and Casualty Company.[1] Doc. #2. Though unclear, Smith's complaint appears to allege age discrimination, race discrimination, and other claims related to three consumer complaints she filed with the Mississippi Insurance Commission—one in October 2023, one in July 2023, and one in August 2019.[2] On her claims, Smith seeks, among other things, damages for "[p]ersonal injury, pain & suffering, bodily injury, harassment, threatened intimidation [and] fear with [her] advance age increase the situation." *Id.*

---

[1] The state court docket sheet indicates Smith initiated this case by filing a complaint in the County Court of Washington County, Mississippi, on September 27, 2024, but filed another complaint in the same court on October 9, 2024. Doc. #1-2 at PageID 12. The Court earlier deemed the latter to be the governing complaint. Doc. #32 at 1 n.1.

[2] On the complaint's first page, as the basis for her claims, Smith instructs, "Please see the complaints filed with the Mississippi Insurance Dept." Doc. #2 at PageID 50.

at PageID 50–52, 56 (grammatical errors in original).  State Farm removed the case to the United States District Court for the Northern District of Mississippi on October 23, 2024.  Doc. #1.

On April 21, 2025, State Farm filed a motion for summary judgment asserting that "[Smith's] claims are barred by the doctrine of *res judicata* [and t]o the extent any claims could be construed as not being so barred, they nevertheless fail as a matter of law."  Doc. #22 at 1 (emphasis in original).  On July 10, Smith filed two one-page documents titled, "Response to Motion for Summary Judgment."[3]  Docs. #36, #37.[4]  State Farm replied on July 17.[5]  Doc. #42.

## II
## Standard

A court shall enter summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is material if it 'might affect the outcome of the suit under the governing law,' while a dispute about that fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see Harris v. Serpas*,

---

[3] To the extent Smith's July 10 filings constitute her substantive responses to the summary judgment motion, they are untimely.  *See* L.U. Civ. R. 7(b)(4) (setting fourteen-day response period after motion served).  However, in the effort to evaluate the summary judgment motion on its merits, the Court excuses the untimeliness.

[4] Before and after Smith's July 10 filings, Smith filed other documents, including a November 4, 2024, motion "requesting a case management conference in person in Greenville, Mississippi;" an April 28, 2025, motion "for hearing for damages;" a May 5, 2025, motion "for hearing for damages" and "settlement of this case;" a May 14, 2025, motion "for hearing for damages" and "settlement of this case;" a July 21, 2025, letter request for State Farm to "Release Disburse Check to [her];" and two November 6, 2025, letter requests to "be excused from [her] physical attendance" at the pretrial conference.  Docs. #8, #25, #27, #29, #43, #46, #47 (grammatical errors in original).  All such motions were denied.  Docs. #10, #32, #34.

[5] On July 28, Smith filed a document titled, "Plaintiff Response to the Rebuttal of Defendant Rebuttal in Support of it Motion for Summary Judgment" with documents attached.  Doc. #44 (grammatical error in original).  Because this filing can only be deemed a surreply, it will not be considered by the Court because Smith did not request or obtain leave to file it.  *See* L.U. Civ. R. 7(b)(4) (authorizing only responses and replies regarding motions).  Even if the Court considered the filing, it would not change the outcome of the motion because all Smith states in the document is that she "did not receive any certified mail for [her] to sign explaining any 14 days to respond to [the] Motion for Summary Judgment."  Doc. #44 at PageID 581.

2

745 F.3d 767, 771 (5th Cir. 2014) ("A genuine issue of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party."). "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion.'" *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Although a motion for summary judgment cannot be granted simply because there is no opposition, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015) (cleaned up).

### III
### Factual Background

On July 13, 2021, Thelma N. Smith submitted a claim to State Farm Fire and Casualty Company for a loss that occurred on January 22, 2021, which included the cost to replace her dishwasher. Doc. #22-1. In the claim, Smith stated that "the dishwasher would have to be removed to be replaced with new one" and estimated that it would cost "[$]12-15,000 to rebuild cabinet, remove and install new." *Id.* Smith obtained an estimate for replacing her dishwasher, as well as replacing existing cabinets and countertops, painting cabinets, and replacing the sink. Doc. #22-2 at PageID 347. On October 22, 2021, State Farm paid Smith $371.26 to settle the claim. *Id.* at PageID 348.

On December 8, 2021, Smith filed a complaint against State Farm in the County Court of Washington County, Mississippi ("2021 Action"), seeking damages for "[i]nsufficient dollar amount of structural dollar amount … the estimate was [$]17,000. I received [$]300.00 plus dollars," as well as "[e]xtreme stress navigating State Farm Claim Dept System," "Pain & Suffering," "Quality of life," and "Personal Injury." *Id.* at PageID 313–14. *Id.* State Farm moved for summary judgment in the 2021 Action asserting there was no genuine issue of material fact

3

and it was entitled to judgment as a matter of law.[6] Doc. #22-5. After a hearing and argument by both Smith and State Farm on the motion, the County Court of Washington County granted summary judgment in State Farm's favor by order entered October 20, 2023. Doc. #22-6.

## IV
## Analysis

State Farm argues summary judgment should be granted in its favor because "[Smith's] claims are barred by the doctrine of *res judicata*" and "[t]o the extent she might claim she has raised new issues, which she has not, any new claims against State Farrm [sic] necessarily fail for a lack of evidence." Doc. #23 at 5, 9 (emphasis in original). In her responses to the summary judgment motion, Smith (1) only states that she "did not respond to the Motion for Summary Judgment" because it "did not list [her] legal name Thelma N. Smith the name listed is Thelma Smith," and (2) asks the Court to "deem October 9, 2024 to be the governing complaint."[7] Docs. #36, #37. State Farm replies that because Smith "utterly fails to address any of the legal arguments set forth in [its] motion and supporting memorandum," "[it] is also entitled to summary judgment on the basis that [Smith] abandoned her claims by her failure to respond." Doc. #42 at 1, 2.

### A. Res Judicata

The doctrine of res judicata "bars parties from litigating claims within the scope of the judgment in a prior action." *Pickle v. State*, 203 So. 3d 753, 758 (Miss. Ct. App. 2016) (quoting *Hill v. Carroll Cty.*, 17 So. 3d 1081, 1084 (Miss. 2009)). For res judicata to apply, "the prior judgment must be a final judgment adjudicated on the merits." *Avakian v. Wilmington Tr. Nat'l*

---

[6] As best the Court can tell from the documents in the summary judgment record here regarding State Farm's summary judgment motion in the 2021 Action, it appears State Farm argued Smith's repair estimate included unnecessary repairs beyond the replacement of her dishwasher. Docs. #22-3, #22-5, #22-7.

[7] The Court already deemed Smith's October 9, 2024, as the governing complaint. Doc. #32 at 1 n.1. Had the Court not done so, it would not consider Smith's request for relief in her response. *See* L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response.").

4

*Ass'n*, 242 So. 3d 961, 969 (Miss. Ct. App. 2018) (citing *Doss v. Dixon*, 131 So. 3d 1265, 1269 (Miss. Ct. App. 2014)). "Res judicata will bar a claim if four identities are present and the same in both cases: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom a claim is made." *Ward Gulfport Props. L.P. v. Miss. State Highway Comm'n*, 176 So. 3d 789, 793 (Miss. 2015) (cleaned up).

### 1. Final adjudication on merits

In the 2021 Action, the County Court of Washington County, after hearing arguments from State Farm and Smith, granted summary judgment in State Farm's favor and dismissed State Farm from the action with prejudice. Doc. #22-6. So, there was a final adjudication on the merits of Smith's claims in the 2021 Action.

### 2. Identity of subject matter

In evaluating whether res judicata applies, the Mississippi Supreme Court has "defined subject matter as the 'substance' of the lawsuit." *Hill*, 17 So. 3d at 1085 (quoting *Harrison v. Chandler–Sampson Ins., Inc.*, 891 So. 2d 224, 232–33 (Miss. 2005)). State Farm argues that the "subject matter of [Smith's] initial suit and the present suit are identical" as evidenced by the three consumer complaint letters attached to and referenced in the complaint in this case;[8] Smith's complaint in the 2021 Action "alleged she was entitled to additional policy benefits and extracontractual damages for personal injury, pain, suffering, perceived discrimination and harassment, and a decrease in her quality of life related to the 2021 homeowner's insurance claim," as well as "identical allegations regarding a 2019 automobile insurance claim involving State Farm

---

[8] State Farm states that one letter "directly references the 2021 homeowner's insurance claim as well as [Smith's] dealings with State Farm … [and] counsel for State Farm … surrounding that claim," one letter "references a 2019 auto insurance claim, which [Smith] submitted … in the initial litigation," and the last letter "specifically points to [Smith's] earlier two handwritten consumer complaints." Doc. #23 at 6–7.

Mutual Automobile Insurance Company;" and "the documents [Smith] submitted to the Court in the present litigation raised the exact same issues already addressed in the [2021 Action]." *Id.* at 3–4, 6.

Based on the Court's review of the present complaint, the complaint in the 2021 Action, and the documents filed by Smith in both the present suit and in the 2021 Action, the Court agrees that the substance of both suits is the same. And Smith has offered no evidence challenging State Farm's evidence in that regard. So, the Court concludes that the identity-of-subject-matter requirement for res judicata to apply is met here.

### 3. Identity of cause of action

The Mississippi Supreme Court has "defined 'cause of action' as the underlying facts and circumstances upon which a claim has been brought" as it concerns a res judicata determination. *Hill*, 17 So. 3d at 1085. Mississippi has adopted a "transactional approach" to defining causes of action, which "looks past the legal bases asserted and relies more on the factual and transactional relationship between the original action and the subsequent action." *Id.* at 1086. Under this approach,

> causes of actions are the same if they arise from the same "transaction"; whether they are products of the same "transaction" is to be determined by "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

*Id.* (quoting *Nevada v. United States*, 463 U.S. 110, 131 (1983)).

State Farm argues that Smith's complaints "allege the same causes of action, namely, for benefits she believes she is owed under her State Farm policy, for damages of an extracontractual nature, and for punitive damages," and "the underlying circumstances in the present suit … are identical to those in the initial state court litigation." Doc. #23 at 7–8. As mentioned above, the

6

Court agrees with State Farm that both complaints are based on the same underlying facts and circumstances, so the cause-of-action identity is shown here.

### 4. Identity of parties

Because in both actions the claims were brought by Smith against State Farm, the parties are identical.

### 5. Identity of quality or character of person against whom claim is made

The "identity of the quality or character of a person against whom a claim is made" is met here because the State Farm is the defendant in both suits. *See Hill*, 17 So. 3d at 1086–87 (fourth identity met when "the named defendant [is] the same as in the previous action").

### 6. Summary

Because State Farm has shown all the requirements for res judicata to apply, Smith's present suit is barred and State Farm is entitled to summary judgment.

### B. Insufficient Evidence

State Farm also argues summary judgment is warranted because Smith "has provided no evidence to support any additional [breach of contract] claim other than that already considered by the County Court of Washington County," and "[a]s Smith could not prevails [sic] on any supposed newly alleged breach of contract claim, any claims for bad faith, punitive damages, or extracontractual damages likewise fail." Doc. #23 at 9–10. To the extent Smith's complaint in the present case may be construed as asserting claims that were not raised in her complaint in the 2021 Action, Smith has offered no evidence or argument in response to the summary judgment motion to support those claims. Consequently, State Farm's summary judgment motion is properly granted for this reason too.

### C. Abandonment

Even if Smith's claims were not barred by res judicata and/or for failure to be supported by sufficient evidence, summary judgment is warranted because Smith abandoned her claims by failing to specifically respond to State Farm's summary judgment arguments. *See Terry Black's Barbecue, LLC v. State Automobile Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims.").

## V
## Conclusion

State Farm's motion for summary judgment [22] is **GRANTED**. A judgment will be issued.

**SO ORDERED**, this 4th day of December, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

8